

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 JAN 19  PM 3: 11

TRACEY NELSON,

    Plaintiff,

v.

    CASE NO.: 6:16-CV-71-Orl-18KRS

NATIONSTAR MORTGAGE LLC ,

    Defendant.

_____/

## COMPLAINT

    Plaintiff, Tracey Nelson, by and through the undersigned counsel, sues Defendant, Nationstar Mortgage LLC, and in support thereof respectfully alleges the following:

## INTRODUCTION

    1.    Plaintiff alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, et seq. ("FCCPA").

    2.    The TCPA was enacted to prevent companies like Nationstar Mortgage LLC from invading American citizen's privacy and prevent abusive "robo-calls."

    3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

    4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

6.      Likewise, the FCCPA is designed and adopted to reinforce individual consumers' rights established by federal law.

## JURISDICTION AND VENUE

7.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, fees and costs.

8.      Jurisdiction and venue for purposes of this action are proper and conferred by 28 U.S.C. § 1331.

9.      Venue is proper in this District as Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person and citizen of the State of Florida who resides in Orange County, Florida.

11.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

12.     Defendant is a person collecting a consumer debt.

13.     Defendant sought to collect an alleged debt from Plaintiff.

14.     The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6). As it is an alleged obligation arising from a personal, family or household transaction.

15.     Plaintiff is the "called party." See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

16.     Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

17.     Defendant is Delaware corporation with its principal place of business and/or office for transacting its business located at 8950 Cypress Waters Boulevard, Coppell, Texas 75261 and conducts business in the State of Florida through its Registered Agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

18.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (863) 528-4955 (hereinafter "cellular telephone"), and was the called party of Defendant's hereafter described calls.

19.     Defendant, at all material times, was attempting to collect on a home mortgage, loan number ******0436, (hereinafter "subject account"), which was serviced by Defendant.

20.     Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number, up to

three (3) times a day, from approximately April of 2015 through July of 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

21.     Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" (hereinafter "Autodialer") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

22.     Furthermore, each of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23.     In or about May of 2015, Defendant initiated its campaign of phone calls to Plaintiff on Plaintiff's cellular telephone.

24.     Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (888) 811-5279, (480) 467-0661 and (214) 687-4705.

25.     On or about May 18, 2015, upon receipt of a call from Defendant, Plaintiff answered, received Defendant's pre-recorded message, held on the line to be connected to a live agent/representative and informed the agent/representative that Plaintiff requested Defendant immediately stop calling her; therefore, revoking any previously perceived express consent to be called using the Defendant's Autodialer, predictive dialer, pre-recorded message or artificial voice.

26.     During the May 18, 2015 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any perceived express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's cellular telephone number by the use of an Autodialer or a pre-recorded or artificial voice.

27.     Each of the calls Defendant made to Plaintiff's cellular telephone number, after May 18, 2015, were done so after she revoked consent and without the "express consent" of Plaintiff.

28.     Despite Plaintiff informing Defendant to stop calling, Defendant's calls to Plaintiff's cellular phone continued.

29.     Defendant has made in excess of sixty (60) calls to Plaintiff's cellular telephone number.

30.     Due to the extreme volume of calls received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call Plaintiff received from Defendant; however, the following is a sampling of the calls Plaintiff was able to maintain contemporaneously from Defendant after May 18, 2015:

      i.   One call on May 19, 2015;

      ii.   One call on May 26, 2015;

      iii.   One call on May 27, 2015;

      iv.   Two calls on May 28, 2015;

      v.   One call on May 29, 2015;

      vi.   One call on June 1, 2015;

      vii.   One call on June 2, 2015;

   viii.  One call on June 6, 2015;

    ix.  One call on June 9, 2015;

     x.  One call on June 10, 2015;

    xi.  One call on June 11, 2015;

   xii.  One call on June 12, 2015;

  xiii.  One call on June 13, 2015;

  xiv.  One call on June 15, 2015;

   xv.  One call on June 16, 2015;

  xvi.  Three calls on June 17, 2015;

  xvii.  One call on June 19, 2015;

 xviii.  One call on June 23, 2015;

  xix.  One call on June 25, 2015;

   xx.  One call on June 27, 2015;

  xxi.  One call on June 29, 2015;

  xxii.  One call on July 1, 2015;

 xxiii.  Two calls on July 2, 2015;

 xxiv.  One call on July 6, 2015;

  xxv.  One call on July 7, 2015;

 xxvi.  One call on July 8, 2015;

 xxvii.  One call on July 9, 2015;

xxviii.  Two calls on July 10, 2015;

 xxix.  One call on July 11, 2015;

xxx.   One call on July 13, 2015;

xxxi.   Two calls on July 14, 2015;

xxxii.   One call on July 15, 2015;

xxxiii.   One call on July 20, 2015;

xxxiv.   Two calls on July 22, 2015;

xxxv.   One call on July 23, 2015; and

xxxvi.   One call on July 27, 2015.

31.    The calls from Defendant continued, on average, once a day from May 2015, through July of 2015.

32.    Defendant has, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls made to Plaintiff.

33.    Despite actual knowledge of their wrongdoing, Defendant continued its campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call her cellular telephone number.

34.    Defendant has a corporate policy to use an Autodialer or a pre-recorded or artificial voice, and to make autodialed calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or Defendant, to permit the removal of Plaintiff's cellular number.

35.    Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have had to make such calls.

36.    Defendant's corporate policy and procedures provided no means for Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

37.    Defendant has a corporate policy of using an Autodialer or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

38.    Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

39.    Defendant has numerous complaints across the country against it asserting that its Autodialer continues to call people who have revoked consent to be called.

40.    Defendant knowingly employs methods and/or has a corporate policy designed to harass and abuse individuals.

41.    Defendant knowingly employs methods that do not permit the cessation of or suppression of autodialed calls to Plaintiff's cellular telephone.

42.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

43.    As a result of these collection efforts, Plaintiff suffered stress, sleeplessness, emotional distres and anxiety resulting from the attempted collection of amounts far in excess of any amount rightfully owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

44.    Plaintiff re-alleges and fully incorporates Paragraphs one (1) through forty-three (43) above as if fully stated herein.

45.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

46.     Defendant willfully and/or knowingly violated the TCPA, with respect to all of its calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent.

47.     Defendant willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on or about May 18, 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged perceived consent Defendant believed it had to contact Plaintiff, and told Defendant to cease calling Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Nationstar Mortgage LLC, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48.     Plaintiff re-alleges and fully incorporates Paragraphs one (1) through forty-three (43) above as if fully stated herein.

49.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

51.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

52.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Nationstar Mortgage LLC for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the Court may deem just and proper.

Respectfully submitted,

Jared M. Lee, Esquire
Florida Bar No.: 0052284
Morgan & Morgan, Tampa, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Attorney for Plaintiff(s)
JLee@ ForThePeople.com
JMLPleadings@ForThePeople.com